# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIMINAL NO. RDB-17-0256** |
| **SUSAN ANDERSON** | * | |

## MEMORANDUM AND ORDER

Currently pending are Defendant's Motion to Reopen Detention Hearing ("Defendant's Motion"), (ECF No. 20), Government's Response to Defendant's Motion to Review Her Order of Detention (ECF No. 23) and Defendant's Reply to the Government's Response to the Defendant's Motion to Reopen Detention Hearing (ECF No. 26). For the reasons noted below, Defendant's Motion is denied.

The indictment in this case charges the defendant with two counts: (1) use of interstate commerce facilities in the commission of murder-for-hire (18 U.S.C. § 1958); and (2) solicitation to commit a crime of violence (18 U.S.C. § 373). The charges arise out of the defendant's alleged hiring of a confidential informant to murder the ex-boyfriend of a family member. A detention hearing was held in this case on May 17, 2017. After both parties were fully heard, I detailed my reasons for issuing a detention order on the basis of risk of danger to the community (not risk of flight) on the record at the hearing. I issued an Order of Detention summarizing those reasons: 1) Nature of offense-murder for hire; and 2) Weight of evidence overwhelming as to intent of the defendant to cause the murder to be committed. (ECF No. 12).

The basis of Defendant's Motion is that there are two categories of new evidence which are material to the Court's release determination: 1) a detailed psychological risk assessment

report concluding that the "defendant's risk for future violence is low provided that she returns to her prior living situation with family and her longstanding employment position" ; and 2) a compilation of over 22 letters from the defendant's family and friends attesting to her character and the support she would receive if released. (ECF No. 26 at 1-2). Title 18, Section 3142(f) provides that a detention/release hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure...the safety of any other person and the community."

I have considered the information proffered by defendant and conclude that it does not have a material bearing on the detention issue so as to warrant reopening the detention hearing. With respect to the psychological report, it should be noted that the prediction that defendant is a low risk for future violence is predicated upon the defendant's return to the very same employment and living arrangement that she had at the time she allegedly engaged in a murder for hire scheme.[1] Regarding the letters now offered by the defendant, they merely support an argument that was made at the detention hearing -- that the defendant has a significant support system of friends and family. All of these circumstances existed at the time the defendant allegedly committed the offenses charged, and, therefore, do not provide a basis for altering the conclusions I reached at the detention hearing.

The evidence proffered by the government at the detention hearing was compelling as it related to a risk of danger to the community. The offense is extremely serious. The defendant

---

[1] Also of note in this report are the observations that the defendant's "risk cannot be completely mitigated" and that she had "stable functioning" prior to the instant offense, (ECF No. 21-1 at 8), which I assume excludes the time period during which the crimes were alleged to have occurred.

2

took substantial steps towards completing the crime. Those steps are captured on audio and video recordings of the defendant hiring a person who she thought was a hit man to kill the ex-boyfriend of a family member because of what he did to her family. The evidence presented in Defendant's Motion does not have a material bearing on this court's reasoning for issuing an order of detention. Accordingly, Defendant's Motion to Reopen the Detention Hearing (ECF No. 20) is denied.

Date: 11-3-17

Beth P. Gesner
Chief United States Magistrate Judge