IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal Action No. RDB-17-0256 |
| SUSAN ANDERSON, | * | |
| DEFENDANT. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Defendant Susan Anderson ("Defendant" or "Anderson") is currently serving a 72-month term of imprisonment for one count of use of interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958. (Judgment & Commitment Order ("J&C"), ECF No. 64.) Anderson has been in federal custody since May 12, 2017 and is currently incarcerated at Federal Prison Camp ("FPC") Alderson in West Virginia. (*Id.*)

Now pending is Anderson's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 68). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Anderson's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 68), is DENIED.

A prisoner may request a reduction in sentence to time served—sometimes called compassionate release—for "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Before the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP")

with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence.

The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i). As Judge Blake of this Court has recognized, the First Step Act authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020).

It appears that Anderson has satisfied the administrative exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A). On June 10, 2020, the Office of the Federal Public Defender provided documentation confirming that Anderson had exhausted her administrative remedies. (*See* Anderson's May 28, 2020 request for compassionate release, ECF No. 70-1.) Nevertheless, Anderson has not presented "extraordinary and compelling reasons" for her release. The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. §

3582(c)(1)(A). 28 U.S.C. § 994(t). The Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Similarly, a defendant who is "(i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less" presents extraordinary and compelling reasons to release. U.S.S.G. § 1B1.13 cmt. n.1(B). Finally, the Commission has authorized the Bureau of Prisons to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. U.S.S.G. § 1B1.13 cmt. n.1(D).

Anderson, who has served just over three years of her six-year sentence, has not presented evidence that she is especially susceptible to COVID-19. Indeed, Anderson makes no complaint about her own health at all. Instead, Anderson asserts concern over family at home and her aging mother. (ECF No. 68.) There is simply no basis to find that Anderson has presented "extraordinary and compelling reasons" for her release. *See United States v. Johnson*, No. RDB-09-272, 2020 WL 3791976, at *2 (D. Md. July 7, 2020) (defendant's concern for family at home did not constitute "extraordinary and compelling reason to justify his release").

The 18 U.S.C. § 3553(a) factors also do not warrant compassionate release at this stage. Among these factors, this Court is bound to consider the defendant's personal history and characteristics as well as the need for the sentence imposed "to reflect the seriousness of

3

the offense," to "afford adequate deterrence to criminal conduct," and to "protect the public." 18 U.S.C. § 3553(a)(1), (2).  None of these factors weigh in favor of Anderson's release. Anderson pled guilty to the use of interstate commerce facilities in the commission of murder-for-hire.  (J&C, ECF No. 64.)  Her conduct was quite serious and 72 months was a just punishment.  Reducing Anderson's sentence to time served would effectively result in a three-year sentence.  Such a short sentence would not adequately reflect the seriousness of the offense, afford adequate deterrence, or protect the public.

Accordingly, it is HEREBY ORDERED this 13th day of August, 2020, that Anderson's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 68), is DENIED.

                                                                            /s/
                                                    Richard D. Bennett
                                                    United States District Judge